UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KEVIN B. GLASCO**           ] | |
|     Plaintiff,           ] | |
|                      ] | |
| v.           ] | No. 3:13-0656 |
|                      ] | Judge Sharp |
| **CHAD WARD, et al.**           ] | |
|     Defendants.           ] | |

### **O R D E R**

The Court has before it a *pro se* diversity complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is a resident of Nashville. It appears from his application that he lacks sufficient financial resources from which to pay for the costs of this action. Therefore, the plaintiff's application to proceed in forma pauperis is hereby GRANTED. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

The plaintiff brings this action against Chad Ward, Kenneth Ward, and Chad Ward, Inc., residents of Limestone County, Alabama.[1] He claims that, on May 23, 2013, he was injured and his vehicle was damaged by the defendants' negligence. More specifically, the plaintiff claims that his injuries and the damage to his vehicle were caused by materials flying off the back of a truck owned by Chad Ward, Inc. The plaintiff alleges that this mishap took place on I-65 in Limestone County,

---

[1] According to the Civil Cover Sheet, the plaintiff lists the defendants' residence as Limestone County, Alabama. However, in the body of the complaint, the plaintiff states that the address for Chad Ward, Inc. is Falkville, Alabama, which is in Morgan County. Both Limestone and Morgan Counties lie within the Northern District of Alabama. 28 U.S.C. § 81(a)(2).

Alabama.

Venue for a diversity lawsuit is governed by 28 U.S.C. § 1391(a). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

According to the complaint, the defendants reside in Limestone County, Alabama. The mishap also took place in Limestone County, Alabama. Thus, venue for the instant action is not proper in this judicial district.

Accordingly, the Clerk is directed to TRANSFER this case to the United States District Court for the Northern District of Alabama, Northeastern Division at Decatur, Alabama. 28 U.S.C. § 1406(a).

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge